United States District Court
Southern District of Texas
**ENTERED**
October 17, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 4:24-cv-3880 |
| Aldiyar Kaussymbekov, | § § | |
| Defendant. | § § § § | |

**ORDER**

On October 10, 2024, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed a Complaint and Ex Parte Application for Emergency Temporary Restraining Order to allow Plaintiff to immediately and involuntary feed, hydrate, and perform medical examinations on Defendant Aldiyar Kaussymbekov. The motion is supported by the declarations of Carlo Jimenez, ICE Supervisory Detention and Deportation Officer and Alisha A. Wren, M.D. ("Wren Declaration"). According to those declarations, Defendant has been classified as being on a hunger strike since August 28, 2024. Defendant is at risk of suffering severe injuries or death as a result of his hunger strike. In Dr. Wren's medical opinion, "[t]he issuance of a court order to perform involuntary feedings and hydration, blood draws and all necessary physical examinations is medically necessary to preserve and sustain Kaussymbekov's health, welfare, medical safety, and life." Wren Declaration at ¶ 29.

Plaintiff is requesting an order allowing medical professionals to (1) involuntarily feed and hydrate Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike.  The Government has represented that delaying this proceeding to serve the Defendant and allowing him to respond would delay needed medical attention.

The Court finds that Government is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike.  *See, e.g., Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (per curiam) (holding that force-feeding detainee on hunger strike does not violate his constitutional rights, as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F.Supp.2d 1238, 1253–58 (N.D. Ala. 2001) (same).  The Court also concludes that the other requirements for a temporary restraining order are met—there is a likelihood of irreparable harm, the balance of hardships tips in favor of the Government, and public policy favors preserving Defendant's life and health.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order.  It is hereby **ORDERED** that:

Competent medical professionals may: (1) involuntarily feed and hydrate the Defendant, consistent with necessary medical procedures; (2) perform necessary physical evaluations on Defendant, take his vital signs, and perform necessary laboratory testing; and

(3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike.

It is so Ordered.

Signed on October 17, 2024 in Houston, Texas.

_____
United States District Court Judge